J-S27030-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| BRENDA K. THOMPSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN W. THOMPSON | : | No. 1736 WDA 2018 |

Appeal from the Order Entered November 6, 2018
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  257-2014

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                          FILED SEPTEMBER 24, 2019

Brenda K. Thompson appeals from the order entered on November 6, 2018, in the Court of Common Pleas of Bedford County, granting a divorce between Brenda K. Thompson and Steven W. Thompson and ordering distribution of assets.  In this timely appeal, Brenda Thompson raises two claims.  She argues the trial court abused its discretion in failing to award her, (1) an equitable share of Steven Thompson's Pennsylvania State Employees' Retirement System pension (SERS), and (2) an equitable share of the fair rental value of the marital residence that Steven Thompson occupied from the date of separation.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our standard of review when examining an order regarding equitable distribution of marital assets is as follows:

_____
*   Retired Senior Judge assigned to the Superior Court.

[a] trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

Carney v. Carney, 167 A.3d 127, 131 (Pa. Super. 2017) (citation omitted).

With this standard in mind, we examine Brenda Thompson's issues. The parties are well versed in the underlying facts of this matter and we will not recite them herein. We rely upon the trial court's recitation of the facts as found in the November 6, 2018, Pa.R.A.P. 1925(a) opinion, pages 1-4. In her first issue, Brenda Thompson argues the trial court erred in failing to award her a portion of Steven Thompson's SERS disability pension. Specifically, Brenda Thompson argues while a portion of the pension represents disability payments made to Steven Thompson which were owed him following a shoulder injury suffered while on duty as a corrections officer, a QDRO could determine what portion was attributable to disability and what portion would be attributable to what we will call the earned pension. She further argues as

the earned pension is a marital asset, she should be awarded a portion of that pension.

We begin by reiterating that a review of the distribution of marital assets looks to the entirety of the division to determine whether the trial court abused its discretion in effectuating economic justice. It is not a piecemeal determination that any particular asset could have been divided differently. An abuse of discretion is more likely to be found when it can be shown the individual determination has adversely affected the overall scheme. Here, there is only an argument that Brenda Thompson could and should have been awarded some portion of Steven Thompson's SERS pension. Brenda Thompson has not argued that the failure to provide her a portion of his pension has upset the overall scheme.[1]

Recognizing the above, we agree with Brenda Thompson that the trial court could have awarded her some portion of Steven Thompson's SERS pension. However, that fact alone does not provide a basis for determining

_____

[1] In fact, neither the briefs nor the trial court opinion provides a sum of the assets distributed by the trial court's November 6, 2018 order. While values are attached to most of the items listed in the order, the order is unclear as to who retains possession of any specific item. (The order merely states the party in current possession of the item is awarded that item.) Accordingly, there is no indication that Brenda Thompson has been awarded X% of the total marital assets and Steven Thompson has been awarded Y%. It appears, but it is not certain, that marital assets awarded to Steven Thompson have a greater total monetary value than that which was awarded to Brenda Thompson. However, approximately $15,000.00 in credit card debt was also assigned to Steven Thompson. This lack of specificity in Brenda Thompson's argument regarding the overall division of property makes it difficult to assess the arguments presented.

whether the trial court abused its discretion. Here, the trial court explained that Brenda Thompson earned $26,191.78 per year. Steven Thompson earned $10,845.00 per year as a school bus driver. His SERS pension provided him with an additional $17,664.00 after taxes.

> The parties' current earnings are nearly equal, it does not appear anything at this time would prevent [Brenda Thompson] from working another 10 to 15 years. [Steven Thompson], however, is already limited in what he can do, any worsening of his health would cause him to lose his bus driver's income, leaving him only his retirement until he could qualify for Social Security. Further, as noted, [Brenda Thompson] has begun a 401K at her present employment. Under these circumstances, it does not appear to be appropriate to award any portion of the retirement to [Brenda Thompson]. However, [Steven Thompson] chose joint and survivor status on the retirement, the Court will order him not to modify the current survivor who is [Brenda Thompson]. At the time of [Steven Thompson's] death years from now, if [Brenda Thompson] survives [Steven Thompson], the survivor benefit will aid [Brenda Thompson] in her retirement, and reward her for her substantial contribution to the marriage as a homemaker and mother, without further detriment to [Steven Thompson].

Trial Court Opinion, at 8.

The trial court provided reasoning behind the decision to leave the SERS pension in Steven Thompson's name. That decision provides both parties with substantially similar income, which appears to provide an equal base for the distribution of the remaining marital assets. The decision also considers Steven Thompson's more precarious situation as a wage earner. While the trial court's reasoning may not be perfect, it cannot be said that it is

"manifestly unreasonable."[2]  There has been no showing how this equal base disadvantages Brenda Thompson in the overall quest for economic justice. Therefore, we can find no abuse of discretion regarding this issue.

In her second issue, Brenda Thompson argues the trial court erred in failing to award her the fair rental value of the marital home that has been exclusively occupied by Steven Thompson since the date of separation. Specifically, she argues the trial court used an incorrect standard to determine Steven Thompson was not the exclusive occupant of the residence.

Initially, we note:

> While each party is entitled to his or her equitable share of marital property, including the fair rental value of the marital residence, the trial court need not compute that equitable share as a credit to the non-possessory spouse, as long as the total distributory scheme is equitable.

Schneeman v. Schneeman, 615 A.2d 1369, 1377 (Pa. Super. 1992) (citations omitted).

As we have previously stated, Brenda Thompson has not described how the total distribution scheme is inequitable.[3]  Rather, she has only attempted to demonstrate how she could have been awarded more.  This is undoubtedly true, but it does not address our standard of review that requires we view

_____

[2] Carney v. Carney, supra.

[3] Here, we also note the trial court's determination, "In this case, [Steven Thompson] was also responsible for the mortgage payment, taxes, insurance, and maintenance of the house.  Under these circumstances, an award of fair rental value would not be appropriate."  Trial Court Opinion at 5.

each complaint vis-à-vis the totality of the distribution scheme.  Because we have not been presented with the total distribution scheme, and the scheme is not readily discernable,[4] Brenda Thompson cannot prevail in this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2019

_____

[4] We believe a fair inference can be drawn from the trial court opinion that Steven Thompson has been awarded a larger portion of the marital assets. This fact alone does not render the distribution scheme inequitable.  The trial court appears to have based the division upon Brenda Thompson having a longer work expectancy and the precarious nature, given his injuries, of Steven Thompson's ability to work.  We cannot say that this approach in reasoning is manifestly unreasonable.